IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN<br><br>　　　　Plaintiff,<br>v.<br><br>HON. NEOMI RAO, et al<br><br>　　　　Defendants. | Case No: 1:21-cv-02473 |

## MOTION TO TRANSFER VENUE AND REQUEST TO ISSUE SUMMONS

Plaintiff Larry Klayman ("Mr. Klayman") hereby respectfully requests that this case be transferred to an unbiased and impartial venue, and suggests either the U.S. District Court for the Northern District of Texas or the U.S. District Court for the Southern District of Florida, where he is admitted to practice.

As the Defendants in this case are all of the judges at the U.S. Court of Appeals for the District of Columbia Circuit, as well as the Honorable Tanya Chutkan and Colleen Kollar-Kotelly of this Court, it is clear that there will be an inherent bias against Mr. Klayman by every single member of this Court. This statement is not to cast any aspersions on the Honorable Christopher Cooper ("Judge Cooper") or any other member of this Court personally, but just to point out that, as a matter of human nature, it will be incredibly difficult for any member of this

1

RECEIVED
OCT 20 2021
Clerk, U.S. District and
Bankruptcy Courts

Court to be completely unbiased in a lawsuit against their colleagues that they see, work with, and mingle with every single day.

In this regard, under 28 U.S.C. § 455, a judge " . . . shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In order to preserve the integrity of the judiciary, and to ensure that justice is carried out in each individual case, judges must adhere to high standards of conduct. *York v. United States*, 785 A.2d 651, 655 (D.C. 2001). "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . ." ABA Code of Judicial Conduct Canon 3(C)(1); *See also Scott v. United States,* 559 A.2d 745, 750 (D.C. 1989) (*en banc*). Disqualification or recusal is required when there is even the appearance that the court's impartiality may be called into question, and "could suggest, to an outside observer, such a 'high degree of favoritism or antagonism to defendants' position that 'fair judgment is impossible.'" *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *See also Jackson v. Microsoft Corp.*, 135 F. Supp. 2d 38, 40 (D.D.C. 2001) (recusal was proper because the judge "ha[d] created an appearance of personal bias or prejudice").

Indeed, an impartial judiciary is a fundamental component of the system of justice in the United States. The right to a "neutral and detached judge" in any proceeding is protected by the U.S. Constitution and is an integral part of maintaining the public's confidence in the judicial system. *Ward v. City of Monroeville*, 409 U.S. 57, 61-62 (1972); *see also Marshall v. Jerrico, Inc.*, 446 U.S. 238, 243 (1980) (The U.S. Constitution guarantees a party an impartial and disinterested tribunal in civil cases). To ensure that this right is protected, Congress has sought to

secure the impartiality of judges by requiring them to step aside, or in some circumstances, disqualify themselves, in various circumstances.

Here, it is clear that Judge Cooper falls within the conditions set forth by 28 U.S.C. § 455 as well as 28 U.S.C. § 144. The issue becomes that every single judge other in this Court would also have the same conflict of interest where recusal is mandated. Thus, the only solution is to transfer this matter to another truly independent jurisdiction.

There is precedent for this type of transfer in the Federal Rules of Criminal Procedure, Rule 21(a), which states, "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." This same principle should apply here, as Mr. Klayman stands no chance at a fair and impartial trial here. Buttressing this argument is the fact that the the underlying proceeding, the bar disciplinary proceeding against him, is quasi-criminal. "These are adversary proceedings of a quasi-criminal nature." *In re Ruffalo*, 390 U.S. 544, 551, 88 S. Ct. 1222, 1226 (1968). Thus, it is even more crucial that Mr. Klayman's rights are protected.

Thus, Mr. Klayman respectfully requests that this case be transferred to an unbiased and impartial venue, and suggests either the U.S. District Court for the Northern District of Texas or the U.S. District Court for the Southern District of Florida, where he is admitted to practice.

Lastly, respectfully please order the Clerk to issue summons electronically, as this has been delayed in this case and, either intentionally as judges of this Court have been named as defendants, or through negligence.

Date: October 20, 2021                                              Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Tel: (561)-558-5336
Email: leklayman@gmail.com

Plaintiff Pro Se